## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER MALETTERI, | ) |
| | ) CIVIL ACTION NO.: _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| THE RED ROSE VILLAGE OF | ) |
| LANCASTER, INC., | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Plaintiff, Jennifer Maletteri, a resident of Lancaster County, Pennsylvania, by and through her attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above named Defendant, The Red Rose Village of Lancaster, Inc., demands a trial by jury, and complains and alleges as follows:

### **JURISDICTION AND VENUE**

1. Jurisdiction of the claims set forth in this Complaint for violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991 ("Title VII") is proper in this judicial district pursuant to 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction over Plaintiff's state claim for violation of the Pennsylvania Human Relations Act 43 P.S. §§ 951-963 (the "PHRA") pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff, Jennifer Maletteri ("Ms. Maletteri"), is an adult individual residing at 9 Misty Lane, Ephrata, Lancaster County, Pennsylvania 17522.

5. Defendant Red Rose Village of Lancaster, Inc. ("Red Rose") is a Pennsylvania corporation, with a principal place of business located at 205 North Christian Street, Lancaster, Lancaster County, Pennsylvania 17602.

6. At all times relevant to this Complaint, Red Rose employed in excess of fifteen (15) individuals.

## ADMINISTRATIVE PROCEEDINGS

7. On or about November 1, 2018, Ms. Maletteri filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), which was docketed as PHRC Case No. 201801162, alleging harassment based on her gender, female, retaliation and wrongful discharge from her employment with Red Rose.

8. The PHRC cross filed Ms. Maletteri's case with the Equal Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 17F202061261.

9. Ms. Maletteri has been advised of her individual right to bring a civil action by receiving a Notice of Right to Sue (Issued on Request) from the EEOC, dated January 14, 2021.

10. Ms. Maletteri has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## STATEMENT OF FACTS

11. On or about July 2, 2015, Red Rose hired Ms. Maletteri as a Bartender.

12. Red Rose hired Ms. Maletteri to work three (3) shifts per week: Wednesday, Friday, and Saturday from 9:00 p.m. to 2:30 a.m.

13. On or about July 30, 2017, Yanni Georgalis, a bartender and the son of Red Rose's owner, Maria Georgalis, called Ms. Maletteri a "cunt" and a "bitch."

14. On or about July 31, 2017, Ms. Maletteri complained to Ms. Georgalis about the derogatory and harassing names that Yanni Georgalis called her.

15. Ms. Maletteri and Barry Fink, another bartender, had previously been in a romantic relationship that ended in or about October 2017.

16. On or around October 31, 2017, Mr. Fink started to threaten Ms. Maletteri sexually, stating that he wanted to incapacitate Ms. Maletteri and "do things" to her.

17. In or around November 2017, Ms. Maletteri complained to Ms. Georgalis about Mr. Fink's comment. Ms. Georgalis responded by telling Ms. Maletteri to threaten Mr. Fink by saying she was going to call his girlfriend's husband or tell someone about his bookie business.

18. In or around May 2018, Ms. Maletteri again complained to Ms. Georgalis about the sexual harassment she had received from bartenders Yianni Georgalis and Mr. Fink as they had continued to call her a "cunt" and a "bitch."

19. In or around May 2018, Ms. Georgalis again told Ms. Maletteri to threaten Mr. Fink by saying she was going to call his girlfriend's husband or tell someone about his bookie business.

20. In or around June 2018, Ms. Georgalis, Helen Hazzatone, who is another owner, and George Georgalis, who is a Manager, without providing any stated reason, reduced Ms. Maletteri's hours to one (1) shift a week: Wednesday from 9:00 p.m. to 2:30 a.m.

21. Red Rose's actions to reduce Ms. Maletteri's shifts were based on Ms. Maletteri's protected class, gender, because Red Rose reduced Ms. Maletteri's hours and did not reduce the hours of Yianni Georgalis and Mr. Fink, the male bartenders who had sexual harassed her.

22. Red Rose's actions were retaliatory because within two (2) weeks of Ms. Maletteri complaining about the sexual harassment she received from male bartenders Yianni Georgalis and Mr. Fink, Red Rose reduced Ms. Maletteri's hours to one shift a week.

23. On or about June 16, 2018, Ms. Georgalis told Ms. Maletteri that she could only have time off if she found coverage by another bartender for that time to ensure that Red Rose always had enough bartender coverage. Ms. Georgalis did not, however, make the same demands of Yianni Georgalis and Mr. Fink, who were both male, and who had not complained of sexual harassment.

24. On or about July 2, 2018, Ms. Georgalis split the tips and gave Ms. Maletteri an unequal portion which was lower than the portion given to the male bartenders who had not complained of sexual harassment.

25. Between June 2018 and October 31, 2018, Ms. Maletteri continued to complain to Ms. Georgalis, Ms. Hazzatone, and George Georgalis about the hostile workplace created by Yianni Georgalis and Mr. Fink.

26. The harassment was pervasive and regular as it happened every time Ms. Maletteri came to work.

27. The harassment detrimentally affected Ms. Maletteri because it made her not want to go to work, her work suffered, and as a result, she lost valuable income.

28. Red Rose failed to take corrective action to prevent or stop the harassment.

29. On or about October 31, 2018, Ms. Maletteri complained to George Georgalis about Mr. Fink sexually harassing her.

30. On or about October 31, 2018, George Georgalis discharged Ms. Maletteri, allegedly in response to a verbal disagreement between Ms. Maletteri and Mr. Fink.

31. Red Rose's actions were retaliatory because on the same day that Ms. Maletteri complained about the sexual harassment that she received from Mr. Fink, Red Rose discharged her.

32. Red Rose's actions were due to Ms. Maletteri's protected class because Red Rose did not discharge Mr. Fink, a male bartender, over the same verbal disagreement.

## COUNT I
## VIOLATIONS OF TITLE VII
## HOSTILE WORK ENVIRONMENT

33. The averments of Paragraphs 1 through 32 above are incorporated by reference as though fully set forth herein.

34. Red Rose created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at its where

Ms. Maletteri worked, which hostile environment was ongoing and pervasive throughout Ms. Maletteri's employment.

35. The acts of Red Rose, and its officers, agents and employees manifesting and permitting this hostile environment, insofar as they are known to Ms. Maletteri, included allowing Ms. Maletteri's coworkers to sexually harass her, and continuing to allow this situation to occur despite Ms. Maletteri's repeated complaints and reports.

36. The sexually hostile environment was specifically known to Red Rose's management, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment.

37. As a consequence of the hostile environment supported and encouraged by Red Rose's actions and failures to act, Ms. Maletteri was subjected to emotional distress, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

38. As a result of the sexually hostile environment, Ms. Maletteri has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

39. The actions of Red Rose set forth above constitute violations of Title VII.

WHEREFORE, Plaintiff, Jennifer Maletteri, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, The Red Rose Village of Lancaster, Inc., together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and

appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II
### VIOLATIONS OF TITLE VII
### DISPARATE TREATMENT

40. The averments of Paragraphs 1 through 39 above are incorporated by reference as though fully set forth herein.

41. Red Rose discriminated against Ms. Maletteri on the basis of her gender, female, throughout Ms. Maletteri's employment.

42. The acts of Red Rose, and its officers, agents and employees manifesting and permitting this discriminatory environment, insofar as they are known to Ms. Maletteri, included reducing Ms. Maletteri's hours when the hours of male employees were not reduced, requiring Ms. Maletteri to find coverage when she needed time off and not requiring the same of male bartenders, providing Ms. Maletteri a disproportionately low share of the tip pool compared to male bartenders, and discharging Ms. Maletteri for conduct similar to that of a male bartender who was not discharged.

43. As a consequence of the disparate treatment based upon Ms. Maleterri's gender, which was supported and encouraged by Red Rose's actions and failures to act, Ms. Maletteri was subjected to emotional distress, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

44. As a result of the disparate treatment based upon Ms. Maletteri's gender, Ms. Maletteri has suffered economic loss and has been subjected to great damage to her career and professional standing.

45. The actions of Red Rose set forth above constitute violations of Title VII.

WHEREFORE, Plaintiff, Jennifer Maletteri, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, The Red Rose Village of Lancaster, Inc., together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III
**VIOLATIONS OF TITLE VII**
**RETALTIATION**

46. Paragraphs 1 through 45 above are incorporated herein by reference as if more fully set forth at length.

47. Subsequent to reporting the sexual discrimination and harassment, Red Rose retaliated against Ms. Maletteri by taking adverse employment action against her, as discussed previously, and by terminated her employment in violation of Title VII.

48. As a consequence of Red Rose's wanton and willful acts of retaliation, Ms. Maletteri was subjected to emotional distress, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

49. As a result of Red Rose's retaliation, Ms. Maletteri has suffered economic loss and has been subjected to great damage to her career and professional standing.

50. The actions of Red Rose set forth above constitute violations of Title VII.

WHEREFORE, Plaintiff, Jennifer Maletteri, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, The Red Rose Village of Lancaster, Inc., together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT IV
## VIOLATIONS OF THE PHRA

51. Paragraphs 1 through 50 above are incorporated herein by reference as if more fully set forth at length.

52. This is an action arising under the provisions of Pennsylvania law, to wit, the PRHA, and this Court has, and should exercise, pendant jurisdiction over the same because the cause or action complained of in this Count IV arise out of the same facts, events and circumstances as Counts I, II and III, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

53. By engaging in the creation and fostering of a sexually hostile environment, discriminating against Ms. Maletteri because of her gender, and retaliating against Ms. Maletteri, Red Rose violated the provisions of Title 43 P.S. §955 which prohibit discrimination and harassment based upon sex as well as retaliation in response to a good faith report of discrimination and harassment.

9

54. As more fully set forth in Counts I, II and III, Ms. Maletteri has suffered directly and solely as a result of Red Rose's actions, great pecuniary loss, damage and emotional harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Plaintiff, Jennifer Maletteri, respectfully prays that judgment be entered in her favor and against Defendant, The Red Rose Village of Lancaster, Inc., for all of the relief sough in Counts I, II and III, *supra*, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit.

Respectfully submitted,

**Weisberg Cummings, P.C.**

January 21, 2021   */s/ Larry A. Weisberg*
Date   Larry A. Weisberg
   PA Bar I.D. #: PA83410
   lweisberg@weisbergcummings.com

   Derrek W. Cummings
   PA Bar I.D. #: PA83286
   dcummings@weisbergcummings.com

   Steve T. Mahan
   PA Bar I.D. #: 313550
   smahan@weisbergcummings.com

   2704 Commerce Drive, Suite B
   Harrisburg, PA 17110-1624
   (717) 238-5707
   (717) 233-8133 (FAX)

   *Attorneys for Plaintiff*